480

Ex parte Ramón Viñas Sorba, Petitioner and Appellant.

No. 9476.—Argued June 3, 1947.—Decided June 27, 1947.

*Otero Suro & Otero Suro* for appellant.

Mr. Chief Justice Travieso delivered the opinion of the Court.

In 1934, the petitioner recorded his possession of the real property involved in this case. After ten years had elapsed since the date of such recording, the petitioner filed a petition in the district court praying for the conversion of said possession into ownership; and the case having been submitted in due course for final decision, that court entered an order declaring that "the court which has jurisdiction of this proceeding is the Municipal Court of San Juan (§ 393 of the Mortgage Law and *Ex parte García*, 11 P.R.R. 512.) This court disclaims jurisdiction to take cognizance of this case, and, consequently, it orders the dismissal of the same, without prejudice to the right of the petitioner to institute a new proceeding before the above-mentioned municipal court." Feeling aggrieved by that decision, the petitioner has appealed to this Court, and he urges that "the lower court erred in holding that it was without jurisdiction, and in applying the decision in *Ex parte García*, 11 P.R.R. 512."

According to § 393 of the Mortgage Law and § 441 of the Mortgage Law Regulations, the municipal courts have exclusive jurisdiction of cases involving the conversion of

possession into ownership. Article 441 of the Regulations, as amended by Act No. 21 of July 7, 1923, provides:

"The persons who have a record of possession in their favor and who shall desire to avail themselves of the privilege granted them by the sixth paragraph of Article 393 of the law, shall file a petition with the municipal judge of the place in which the estate is situated, . . ."

In the case at bar there was a record of possession which is now sought to be converted into ownership and a petition was filed in the district court. The court *a quo* disclaimed jurisdiction and applied § 441, *supra*. The court did not err in so doing.

The petitioner contends that the court erred in applying the holding made in *Ex parte Garcia, supra*. The facts of that case are similar to those of the present one, for it involved a record of possession which later was sought to be converted into ownership by filing a petition in the District Court of Mayagüez. Applying §§ 393 and 441, *supra*, it was held that said petition should have been filed in the municipal court and not in the district court. The case is therefore applicable herein.

The petitioner further contends that § 393 of the Mortgage Law and § 441 of the Mortgage Law Regulations should be construed together with §§ 389 and 390 of the Mortgage Law, and that in so doing it should be concluded that the district court has jurisdiction to take cognizance of the proceeding. This contention is not correct. Section 393 of the Mortgage Law and Article 441 of the Regulations specifically provide the procedure to be followed in converting a record of possession into one of ownership. Sections 389 and 390 relate to and govern solely and exclusively possessory title proceedings. A proceeding to establish possession and one to convert possession into ownership are distinct and, consequently, the above-cited Sections should not be construed jointly.

The order appealed from should be affirmed.